STATE OF NORTH CAROLINA
v.
ALEX JEROME TROGDON
No. COA07-509
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Christine A. Goebel, for the State.
Haral E. Carlin for Defendant.
ARROWOOD, Judge.
Alex Trogden (Defendant) appeals from judgment entered on his convictions of felony possession of cocaine and misdemeanor possession of marijuana. We find no error.
Defendant was tried before a Randolph County jury in a trial beginning 12 December 2006. The State's evidence tended to show, in relevant part, the following: Detective Arthur Heaton of the Asheboro Police Department testified that on 11 August 2003 he was on duty when he learned that there was an outstanding arrest warrant for a man named Randall Chriscoe. A few minutes later, Heaton saw Chriscoe riding in the front passenger seat of a car being driven by Defendant. Defendant pulled into a driveway a few blocks away, and Heaton followed. After Heaton arrested Chriscoe, he searched the car. Defendant first told Heaton that the car was his, and later clarified that it was owned by his girlfriend but that Defendant frequently drove it.
Defendant's car had front bucket seats separated by a storage bin described by Heaton as a "console." When Heaton opened the console he found two plastic bags; one contained green vegetable matter, the other a whitish rock. Based on his law enforcement experience, Heaton concluded that the bags held marijuana and crack cocaine. After Heaton found the bags containing drugs, Defendant was arrested and charged with felonious possession of cocaine and misdemeanor possession of marijuana. Later testing by the State Bureau of Investigation confirmed that one bag contained 3.2 grams of crack cocaine and the other held 6.3 grams of marijuana.
Asheboro Police Officer Arthur Milligan testified that on 11 August 2003 he told Heaton about the outstanding arrest warrant for Mr. Chriscoe. When Heaton located Chriscoe, Milligan joined him and observed the discovery of drugs in Defendant's car. Milligan testified that Defendant did not appear surprised and did not deny ownership of the drugs.
The Defendant testified that on 11 August 2003 he was running an errand at a corner store, when he happened to see Chriscoe and two other men. Defendant agreed to give Chriscoe and the others a ride to the home of a mutual friend named Jody. As Defendant was driving Chriscoe and the other two men to Jody's, he noticed a police car. Shortly after he arrived at Jody's house, Heaton pulled his patrol car into the driveway behind Defendant. After arresting Chriscoe, Heaton searched Defendant's car. Defendant testified that he was "clueless" about the fact that drugs were in his car; that the drugs were not his, and that he had no idea how drugs came to be in his console. On cross-examination, Defendant testified, inter alia, that neither he nor his wife were "affiliated with drugs." However, on further cross-examination he admitted that in 1999 he was arrested for cocaine possession and had admitted his possession in court.
On rebuttal, the State presented the testimony of Heaton, that, in regards to the trait of having a "law abiding character when it comes to drugs," Defendant's reputation was "bad."
Following the presentation of evidence, Defendant was convicted of felonious possession of cocaine and misdemeanor possession of marijuana. The court imposed a suspended sentence of six to eight months imprisonment, and Defendant was placed on supervised probation. From this judgment and sentence, Defendant has appealed.
Defendant's sole appellate argument is that the trial court committed reversible error by allowing the prosecutor to elicit cross-examination testimony that in 1999 Defendant was arrested for cocaine possession and admitted possession in court. Assuming, arguendo, error in admitting this cross-examination, we conclude that Defendant has failed to show prejudice. It is axiomatic that to obtain relief, a defendant must not only show error, but prejudice and that:
(a) A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.
N.C. Gen. Stat. § 15A-1443(a) (2005).
Preliminarily, we observe that Defendant assigned error to the cross-examination about his 1999 involvement with cocaine, but did not assign error to the rebuttal testimony of Heaton that at the time of trial Defendant had a "bad" reputation regarding his compliance with drug laws. N.C.R. App. P. 10(a), provides in pertinent part that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10." Thus, where "defendant's assignments of error do not include [an issue] as required by the Rules of Appellate Procedure . . . defendant has failed to preserve this issue for appellate review." State v. Trull, 349 N.C. 428, 438, 509 S.E.2d 178, 186 (1998). We therefore consider the effect of the two cross-examination questions asked about Defendant's possession in 1999 in the context of evidence that included the rebuttal testimony.
Defendant has failed to articulate how the brief cross-examination regarding his arrest and in-court admission in 1999 was prejudicial. Our own review indicates that it is unlikely that the challenged testimony affected the outcome of the case. The evidence was undisputed that drugs were found in the car Defendant was driving, and that Defendant's passengers rode in his car for only a few blocks. Other evidence indicated that Defendant did not act surprised that drugs were in his car, and did not deny ownership of the drugs. Moreover, as discussed above, there was testimony that at the time of his arrest his reputation for abiding by laws against illegal drugs was "bad." This assignment of error is overruled.
For the reasons discussed above, we conclude that Defendant had a fair trial, free of prejudicial error.
No error.
Judges CALABRIA and STEPHENS concur.
Report per Rule 30(e).